PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS L. TIPTON, | ) | CASE NO. 5:11CV01414 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| UNITED STATES POSTAL INSPECTION, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** (Resolving ECF No. 5) |

Before the Court is Defendant United States Postal Inspection's ("Defendant") Motion to Dismiss *Pro se* Plaintiff Dennis Tipton's ("Plaintiff") Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 5.

For the reasons stated below, the Court grants Defendant's motion.

## I. Factual Background

*Pro se* Plaintiff mailed fourteen thousand dollars ($14,000.00) in cash by Express U.S. Mail to an address in California. ECF Nos. 1-1 at 2; 1-2. Plaintiff explains that the "[p]ackage did not arrive as contracted" due to an incorrect zip code. ECF No. 1-1 at 2. The next day, a drug detection canine singled out Plaintiff's package, and as a result federal officers seized the package. ECF Nos. 1; 1-1 at 2; 1-2. The contents of the package were not returned to Plaintiff and are now the subject of a Civil Administrative Forfeiture proceeding. ECF No. 1. Plaintiff filed this cause of action to recover his fourteen thousand dollars ($14,000.00). ECF Nos. 1-1; 1-2.

## II. Discussion

In its motion to dismiss, Defendant argues that the Court should dismiss Plaintiff's

(5:11CV01414)

Complaint for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies by not filing an administrative claim as required under the Federal Torts Claims Act ("FTCA"), pursuant to 28 U.S.C. § 2675(a). ECF No. 5-1 at 2. Among the procedures mandated by the FTCA is the requirement that putative plaintiffs participate in an administrative process with the relevant federal agency prior to filing suit.

> The FTCA provides:
>
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The Supreme Court has stated that this provision shows that "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). In other words, filing an administrative claim with the government agency under which the alleged tortious conduct occurred is a jurisdictional prerequisite to obtaining judicial review under the FTCA. *See Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002); *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996). Thus, failing to comply with that prerequisite is grounds for dismissing a claim under the FTCA. *See Goosby v. United States*, 545 F. Supp. 2d 725, 733 (W.D. Tenn. 2008) (providing a list of cases that were dismissed because the plaintiff failed to file an administrative claim).

The record reflects that Plaintiff has not filed an administrative tort claim with the United States Postal Service pursuant to the FTCA. Plaintiff's Complaint does not allege that he filed an

(5:11CV01414)

administrative claim, nor has Plaintiff filed any pleadings asserting the he has fulfilled his administrative requirement. The Court, therefore, finds that the asserted action is dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996) (indicating that for a jurisdictional challenge under Fed. R. Civ. P 12(b)(1), the plaintiff bears the burden of proving sufficient facts to support subject matter jurisdiction).

### III. Conclusion

For the reasons discussed above, the United States Postal Inspection's Motion to Dismiss (ECF No. 5) is hereby granted, and Dennis Tipton's claims are dismissed without prejudice (ECF Nos. 1-1; 1-2).

IT IS SO ORDERED.

December 23, 2011  /s/ Benita Y. Pearson
Date    Benita Y. Pearson
    United States District Judge